DOMINGO CENTENO RIVERA, Plaintiff and Appellant, *v.* HILDA PACHECO ALGARÍN, MAYORESS OF JUNCOS, Defendant and Appellee.

No. R-66-233.    Decided May 17, 1967.

504

*Francisco Serrano Ramírez* for appellant. *Oscar R. Brizzie* for appellee.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On July 22, 1965 appellant filed a petition for mandamus in the Caguas Part of the Superior Court against the mayoress of Juncos requesting that the latter be ordered to reinstate him in his position in the municipal government of Juncos. It was alleged in the petition that on January 10, 1965, upon taking possession for a new term, the reelected mayoress suspended petitioner and arbitrarily appointed another person in his position, the mayoress acting on the assumption that petitioner was a municipal officer whose tenure ceased with that of the mayor.

The point has not been raised by the parties, but since it is one which involves the jurisdiction and power of the trial court to consider and settle this controversy, we must say that § 95 of the Municipal Law of 1960, Act No. 142 of July 21, 1960, as amended by Act No. 114 of June 27, 1964, provides that the Superior Court of Puerto Rico shall have jurisdiction, on motion of the aggrieved party: (a) to review or annul any legislative or administrative action of the municipal assembly, of the board of awards, of the mayor or of any municipal officer, which infringes the constitutional rights of the complainants or which is contrary to the laws of Puerto Rico; (b) to stay the execution of any ordinance, decision, resolution, or order of the municipal assembly, of the board of awards, of the mayor and of any other municipal officer which infringes rights guaranteed by the Constitution of the Commonwealth of Puerto Rico or by Commonwealth laws; (c) to compel the performance of ministerial duties by municipal officers; (d) . . . This section provides that in the first two cases (a) and (b), the aggrieved party may file his suit only within the term of twenty days from and after the date on which the executive or administrative act shall have been performed or the ordinance, decision, resolution or order shall have been promulgated or communicated to the complainant, unless otherwise provided by law.

The term of twenty days aforementioned is clearly a term of extinguishment, cf. *Eisele* v. *Orcasitas*, 85 P.R.R. 84 (1962), which is not only up to the interested party to invoke it, but which should be enforced by the court *motu proprio*. Under the judicial review granted in the aforesaid subparagraphs (a) and (b) the action in this case had already extinguished when the complaint was filed. The exercise of jurisdiction could only be maintained if we conclude that in this case it is sought to compel the performance of

ministerial duties by the defendant mayoress, under the foregoing subparagraph (c).

The record shows that appellant was appointed on January 10, 1961, on which date the newly elected Municipal Administration was installed, as Inspector of Public Works of the Municipality of Juncos, with a salary of $150 a month. On November 16, 1962, the Municipal Assembly of Juncos approved Ordinance No. 28 which abolished the position of Inspector of Public Works which had existed for many years and created the position of administrative officer called Director of Public Works as a confidential employee of the incumbent mayor for an efficient administration. It provided that the functions of said position would be to supervise the construction, reconstruction and repairs, as well as the maintenance of all municipal public works, and that the person who would hold said position must be a person with experience in the supervision of construction, reconstruction, repairs, and maintenance of works, and also said person should be authorized to drive motor vehicles. After said position was created it was held by the incumbent of the abolished position himself under the same salary, by appointment of November 17, 1962.

Section 42 of the Municipal Law of 1960, as amended by Act No. 114 of June 27, 1964, establishes the positions of the administrative officers of the municipalities, among which that of Director of Public Works is not found. However, the municipal assemblies are authorized by § 43 to create such additional administrative offices as may be necessary for the attainment of an efficient administration. In such case the assembly shall fix the duties of the offices and the qualifications required of the officers who are to hold them. Section 44 provides that the administrative officers are appointed by the mayor with the advice and consent of the municipal assembly and shall hold office for the term

for which the mayor has been elected or appointed, or until their successors shall have qualified, unless sooner removed for just cause upon preferment of charges.

It appears from the record that on August 28, 1964, the Municipal Assembly of Juncos adopted a decision in the sense of amending the existing 1964–65 Budget to change the name of the office of Director of Public Works to Inspector of Public Works. On January 11, 1965, appellee informed appellant by letter that his term had expired pursuant to § 44 of the Municipal Law and that another person was designated to occupy the position to whom he should give possession on that date.

Appellant maintains that by virtue of the decision of the Municipal Assembly of August 28, 1964 he was discharging the duties of the office of Inspector of Public Works, office which pursuant to the Municipal Law was of a permanent character the incumbent of which could not be removed unless for just cause upon preferment of charges and opportunity to be heard. We do not agree. It is true that in *Domínguez* v. *Pacheco, Mayoress [Bezares* v. *González, Mayor]*, 84 P.R.R. 450 (1962), among the employments involved there was that of Inspector of Public Works, and this Court upheld the right of the incumbent to remain in his office unless he was removed for just cause and as provided by § 93 of the Municipal Law. But that employment was abolished by the Municipal Assembly and an administrative office was created in its place which according to law has a fixed term of tenure. Appellant intimates that Ordinance No. 28 of 1962 was an act for the purpose of divesting said position of its permanent status in the light of the rule established in the *Domínguez* case.

■ We have held in the past and would likewise ratify now that the right of the incumbent of a permanent position to remain therein should not be thwarted by a subterfuge of changing the name of the position and designating it

otherwise if in substance it is the same position with the same duties. *Cf. Cruz* v. *Buscaglia, Treas.*, 61 P.R.R. 713 (1943) ; *Cantellops* v. *Fernós*, 65 P.R.R. 749 (1946) ; *Gómez* v. *Negrón*, 65 P.R.R. 286 (1945). But under the bare stipulation of facts on which this case was submitted to the trial court, neither the latter nor this Court is in a position to decide that this is the situation in the present case. In the absence of such proof we must assume that the motivations which the Municipal Assembly of Juncos had in 1962 to create the office of Director of Public Works by virtue of an ordinance, in the exercise of a legal function, are the ones which appear in its text.

Appellant insists that the municipal assembly itself created again the office of Inspector of Public Works by virtue of a decision adopted August 28, 1964 and, therefore, he returned to a permanent position. Section 22 of the Municipal Law of 1960, as amended by Act No. 114 of June 27, 1964, provides that no ordinance or resolution of the municipal assembly shall be enforceable until it has been approved and signed by the mayor, after it has been presented to him duly certified by the president and the secretary of the municipal assembly, the municipal secretary or the secretary-auditor, as the case may be. It is prescribed therein that the decisions and resolutions of an internal nature of the assembly and other actions enumerated are excepted from these provisions.

The decision of the municipal assembly of August 28, 1964 which amended the budget, obviously required the mayor's signature in order to be enforceable. It was not a matter of internal nature of the assembly. From the certificate of said decision which is in the record it does not appear that it was presented to the mayoress for her signature. We cannot agree, therefore, with appellant in the sense that the failure of the mayoress to return it without

her signature to the assembly within the term of 10 days, as provided by § 23, made the decision enforceable. Moreover it did not abolish the position of Director of Public Works, it only established that it be designated otherwise. Nor did it create the office of Inspector of Public Works. Appellant having been appointed on November 17, 1962 to occupy the position of Director of Public Works, according to law, his incumbency expired upon expiration of the tenure of the mayor who appointed him on January 10, 1961. Unlike the *Domínguez* case, *supra*, in which the problem involved was of removal and not of tenure, here it is a question of tenure of the position, not of removal.

█ The case does not involve any ministerial duty of the mayoress to keep appellant in his position, to be required by way of mandamus. *Pérez* v. *Garrido, Commissioner*, 48 P.R.R. 445 (1935); *Domenech, Treas.* v. *District Court*, 48 P.R.R. 527 (1935). We must reach the conclusion that the trial court was not empowered to entertain the matter because of extinguishment of the action.

For the reasons stated, the judgment appealed from dismissing the complaint will be affirmed.